UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ALL-CLAD METALCRAFTERS, LLC, COOKWARE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2988<br>Master Case No. 2:21-mc-491-NR |

## JOINT STATUS REPORT

Pursuant to the Court's directive on May 17, 2022, the Parties report the following regarding the status of settlement:

I. SETTLEMENT AGREEMENT.

Since reaching a resolution of this litigation at mediation on February 16, 2022, with the Honorable Wayne R. Andersen (Ret.), the Parties have been negotiating the finer terms of the settlement and making progress towards execution of a final Settlement Agreement. The Parties expect this to be accomplished within the next 14 days. At this time, the Parties can share additional settlement detail that has been agreed upon.

Specifically, the settlement class is defined as all persons in the United States, including Puerto Rico and the District of Columbia, who, since January 1, 2015, have purchased All-Clad D3, D5, or LTD Cookware. Settlement class members have multiple options depending upon whether the Cookware has manifested "Sharp Edges," as defined by the Settlement Agreement.

A. **All Settlement Class Members who have experienced the "Sharp Edges" issue are entitled to submit a claim and choose one of the following options:**

(i) Return the damaged Cookware to All-Clad in exchange for new D3/D5 cookware and also claim a $75 refund; or

(ii) Return the damaged Cookware to All-Clad and claim new Cookware of the same size or type in a similar product line (to be identified in the Settlement Agreement), which is dishwasher safe; or

      (iii)    Return the damaged Cookware to All-Clad and claim a future purchase credit of 50% off purchases, up to $1,200.00, for any product(s) on All-Clad's website.

All-Clad will pay the cost of returning the damaged Cookware and, if selected, shipping replacement Cookware.

      B.    **Relief For Class Members Who Have Not Experienced The "Sharp Edges" Issue or Have Discarded the Cookware**.  All Settlement Class Members who have not experienced the "sharp edges" issue or have previously discarded their Cookware (preventing them from returning the Cookware and demonstrating "sharp edges") are entitled to submit a claim for a future purchase credit of 35% off purchases, up to $750.00, on any product(s) on All-Clad's website.

      C.    **Injunctive Relief**. All-Clad affirms that it has completed packaging changes to remove "dishwasher safe" representations from all of the Cookware packaging and labeling and has also completed removal of the "dishwasher safe" representations on the All-Clad website and any other promotional and marketing materials.  All-Clad will complete notification instructing retailers to remove the "dishwasher safe" representations from floor models and other marketing materials

  II.    <u>NOTICE.</u>

The Parties are close to retaining an appropriate claims administrator and are also working with All-Clad's primary, authorized third-party retailers to provide direct notice, which will enhance the notice program. Specifically, one of these third-party retailers is Amazon.com. Amazon is very protective of customer data and, particularly, personally identifying information such as contact information and purchase history.  Accordingly, Amazon is willing to send direct settlement notices to its own customers. From the Parties' discussions with Amazon's Counsel, it appears that Amazon has reliable email contact information for its customers, especially given that is the means by which customer accounts are maintained.  According to Amazon's counsel, as part of class action settlements, it is typically able to effectuate reach from this direct notice of 98%-99%.  Amazon then provides a certification or declaration that identifies the number of unique class members it has notified, and the number of any unsuccessful notice attempts. The cost of Amazon providing such direct notice is minimal compared to many other forms of typically

approved notice, such as certain types of notice publication, but achieves a greater reach. Attached are cases in which direct email notice by Amazon has been approved as a method of notice.

Given that Amazon's notice model benefits the class in its reach efficacy, benefits the third-party retailers' interest in protecting customer data, and reduces the cost of notice while also providing significant reach, the Parties have begun discussions with other retailers and have requested that those retailers either (1) provide direct notice to its customers, like Amazon; or (2) provide customer contact information directly to the claims administrator to reduce the number of parties with access to that personal information.  The status of those requests are as follows:

| | |
|---|---|
| Bed Bath & Beyond | Under consideration by the third-party retailers. |
| Cook's Warehouse | Under consideration by the third-party retailer. |
| Crate & Barrel<br><br>William Sonoma<br><br>*Represented by same counsel* | Counsel for both retailers is recommending this approach to his clients. |
| Macy's<br><br>Bloomingdale's<br><br>*Represented by same counsel* | Macy's/Bloomingdale's is willing to gather this information. |
| Sur-la-table | Counsel for Sur-la-Table has represented that it is going through a bankruptcy and no longer houses that data. Further inquiries are being made. |

In addition to direct notice and/or data being provided to the claims administrator by the retailers, the Parties anticipate other forms of traditional notice to ensure the best notice practicable that comports with due process requirements. Additionally, in cooperation with Plaintiffs' counsel

to ensure productive administration of claims, All-Clad is currently determining what portion of the claims administration process it can manage through its warranty department and other infrastructure.

    III.    <u>RESCHEDULING THE STATUS CONFERENCE.</u>

The Parties are available on the following dates and times offered by the Court: May 26, 2022 at 10:30am and May 27, 2022 at 1:30pm.

This 23rd of May 2022                                        Respectfully submitted,

[SIGNATURE BLOCKS ON FOLLOWING PAGE]

| | |
|---|---|
| */s/ Harper T. Segui*<br>Harper T. Segui\*<br>Martha Geer\*<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>T: 919-600-5000<br>F: 919-600-5035<br>hsegui@milberg.com<br><br>Rachel Soffin\*<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>T: (865) 247-0080<br>rachel@gregcolemanlaw.com<br><br>*Counsel for Plaintiffs*<br><br>\*Admitted *pro hac vice*. | */s/ Kyle D. Black*<br>Kyle D. Black, Esquire<br>Pa. I.D. No. 321023<br>**BUCHANAN INGERSOLL & ROONEY PC**<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA 15219-4413<br>T: 412-562-8800<br>F: 412-562-1041<br>bridget.daley@bipc.com<br><br>Christopher J. Dalton\*<br>Melissa J. Bayly\*<br>**BUCHANAN INGERSOLL & ROONEY PC**<br>550 Broad Street, Suite 810<br>Newark, New Jersey 07102-4582<br>christopher.dalton@bipc.com<br>melissa.bayly@bipc.com<br><br>Pamela M. Ferguson\*<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>333 Bush Street, Suite 1100<br>San Francisco, California 94104-2872<br>Pamela.Ferguson@lewisbrisbois.com<br><br>*Counsel for All-Clad Metalcrafters, LLC and Groupe SEB USA, Inc.*<br><br>\*Admitted *pro hac vice*. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2022, a true and correct copy of the foregoing Joint Status Report was served upon counsel of record via the Court's Electronic Case Filing system.

/s/ Harper T. Segui
Harper T. Segui