## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ALL-CLAD METALCRAFTERS, LLC, COOKWARE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to All Actions | MDL No. 2988<br>Master Case No. 2:21-mc-491-NR |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER comes before the Court on the Parties' application, pursuant to Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, for entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on August 4, 2022 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice. The Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, and the argument of counsel as the record may reflect.

**NOW, THEREFORE, IT IS ON THIS 25th DAY OF AUGUST, 2022,**

**ORDERED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2.      The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

All persons in the United States, including Puerto Rico and the District of Columbia, who, since January 1, 2015, have purchased All-Clad D3, D5, or LTD Cookware.

4.     Excluded from the Settlement Class are Defendants, as well as Defendants' affiliates, employees, officers, and directors, attorneys, agents, insurers, and the attorneys representing Defendants in this case; the judges and mediators to whom this case is assigned and their immediate family members; all persons who request exclusion from (opt-out of) the Settlement; anyone claiming personal injury, property damage (other than to their Cookware), or subrogation; and all persons who previously released any claims encompassed in this Settlement.

5.     The Court appoints Harper Segui, Martha Geer, and Rachel Soffin of Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel for the Settlement Class. Any Settlement Class Member may enter an appearance in the action, at his, her, or its own expense, either individually or through counsel.  However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

6.     The Court appoints Plaintiffs Jean Greeff, Carol Egidio, Beira Montalvo, Miranda Murray, and Brandi Milford as Settlement Class Representatives.

7.     The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks relating to

2

further litigation.  It further appears that extensive and costly investigation, research, and discovery have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using experienced third-party neutrals.

8.      The Court approves the form and content of the Settlement Class Notice (Exhibit A to the Settlement Agreement) and Claim Form (Exhibit B to the Settlement Agreement). The Court finds that the emailing of the Settlement Class Notice in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, toll-free number, and digital notice campaign satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to Settlement Class Notice. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

9.      The Court directs that, if they have not already done so, Defendants' Counsel shall provide notice under the Class Action Fairness Act, 28 U.S.C. § 1715 to the States' Attorneys General by September 4, 2022.

10.     The Court appoints Angeion Group, LLC as the Claims Administrator.  The Claims Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including:

    a.      Establishing, maintaining, and administering a website, on or before October 24, 2022, dedicated to the Settlement which (i) will provide information about the Settlement, including all relevant documents and (ii) will provide a means by which

3

Settlement Class Members may submit their claims by U.S. Mail or through an online portal on the website;

      b.      Establishing, on or before October 24, 2022, a toll-free number that Class Members can call to request hard copies of the Claim Form and FAQ be sent to them by mail and obtain additional information regarding the Settlement;

      c.      Disseminating Settlement Class Notice, on or before October 24, 2022, by:

      i.      Individual direct email notice using Defendants' customer database and information from All-Clad's authorized retailers, as well as coordinating individual direct email notice directly from those authorized retailers themselves;

      ii.      Implementation of a digital notice program; and

      iii.      Publication on a website to be established and maintained by the Claims Administrator.

11.      Any Settlement Class Members who do not wish to participate in the Settlement Class may ask to be excluded. All requests to be excluded from the Settlement Class must be in writing, sent to the Claims Administrator at the addresses set forth in the Settlement Class Notice, and postmarked on or before the Opt-Out Deadline, which is December 8, 2022.

      a.      Any request for exclusion must (i) state the Class Member's full name, and current address, telephone number, and email address (if any); (ii) identify the Class Member's Cookware and the date(s) of purchase; (iii) specifically and clearly state his/her desire to be excluded from the Settlement and from the Settlement Class; and (iv) include the Class Member's signature.

12.     Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement.

a.      The following information must be provided in the Settlement Class Member's written objection:

i.      (A) his or her full name, current address, current telephone number, and email address (if any); (B) identify the Settlement Class Member's Cookware and the date(s) of purchase, with proof of purchase; (C) whether the objection applies only to the objecting Settlement Class Member, to a specific subset of the Class, or to the entire Class; (D) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (E) any other documents that the objector wishes to submit in support of his/her position.

ii.     To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection. In addition, any Settlement Class Member objecting to the Settlement must provide a detailed statement of any objections to any other class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.  If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he or she must affirmatively so state in the written materials provided in connection with the objection to this Settlement.

b.      All objections and requests to appear at the Final Approval Hearing must be in writing, sent to the Clerk of this Court, the Claims Administrator, Settlement Class

Counsel, and Defendant's Counsel at the addresses set forth in the Settlement Class Notice. All objections and requests to appear must be received or postmarked on or before December 8, 2022.

13. Any Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

14. Settlement Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments, by October 24, 2022.

15. Settlement Class Counsel shall file their Final Approval Motion by January 2, 2023.

16. Defendants shall, on January 2, 2023, file with the Court a declaration from the Claims Administrator: (a) indicating the number of requests for exclusion and objections submitted by Class Members to date; and (b) attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement and the Class Action Fairness Act, 28 U.S.C. §1711 *et seq.*, or those otherwise required by the Court.

17. The Court hereby schedules the Final Approval Hearing for January 26, 2023 at 10:00 a.m. EST. The Final Approval Hearing will take place by Zoom – accessible via the following link: https://pawd-uscourts.zoomgov.com/j/1604790167 – to determine whether the proposed Settlement should be approved as fair, adequate, and reasonable, and whether a judgment should be entered approving the Settlement, and whether Settlement Class Counsel's application for attorneys' fees, expenses and Settlement Class Representative Service Payments should be

approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

18.     Settlement Class Members shall have sixty (60) days after entry of the Final Approval Order to submit Claim Forms. Claim Forms must be postmarked or submitted by that date to be considered timely.


*s/ J. Nicholas Ranjan*
Honorable J. Nicholas Ranjan
United States District Judge