# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ALL-CLAD METALCRAFTERS, LLC, COOKWARE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to All Actions | MDL NO. 2988<br>Master Case No. 21-mc-491-NR |

## ORDER

Before the Court is the parties' joint motion for leave to file documents under seal. Plaintiffs and Defendants filed their joint motion on March 12, 2024 (ECF 113). Objector John Michael Andren filed a response to the motion on March 13, 2024 (ECF 114), and Plaintiffs and Defendants filed a joint reply on March 14, 2024 (ECF 117). After careful consideration of the parties' arguments, the Court grants the joint motion to seal.

There is a strong common-law presumption to access of judicial records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). To overcome that strong presumption, "the District Court must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019) (cleaned up). Additionally, "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Bank of Am. Nat. Tr. and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986). The party seeking to seal documents can overcome the presumption of the public's right to access judicial records by showing that (1) "the material is the kind of information that courts will protect"; and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia,* 924 F.3d at 672.

Separate from (though related to) the common-law right of access is the right of access to court records under the First Amendment. *Id.* at 673. When the First Amendment right applies, "a party may only rebut the presumption in favor of access by demonstrating an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Cutsforth, Inc. v. Lemm Liquidating Co., LLC*, No. 17-1025, 2020 WL 772442, at *2 (W.D. Pa. Feb. 18, 2020). A "party seeking closure or sealing in the face of the First Amendment right of access bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *In re Avandia*, 924 F.3d at 673 (cleaned up). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). Under the First Amendment right of access, "an interest in safeguarding a trade secret may overcome a presumption of openness." *Id.* at 1073.

Applying both the common-law and First Amendment standards here, the Court finds that the parties (specifically, All-Clad) have met their burden of sealing.

***Compelling, countervailing interest to be protected/kind of information to be protected.*** The information concerns trade-secret type information. Specifically, and as clarified in the parties' reply brief, All-Clad seeks to redact "the company's internal pricing and costs associated with replacement cookware (Benefits 1(a) and (b)), and future purchase credits (Benefits 1(c) and 2)." ECF 117, p. 1. Putting a finer level of detail on it, All-Clad says this information is the "final cost" of the replacement cookware to the company. *Id.* This is trade secret information because, as the Court understands it, it is internal cost information that goes to pricing and margins of the products that All-Clad presently sells on the market and is kept secret from the public. *See CDL Nuclear Techs., Inc. v. Five Towns Heart Imaging Med., PC*, No. 20-783, 2021 WL 322294, at *5 (W.D. Pa. Feb. 1, 2021)

(finding that equipment leasing fee information could be sealed because "the fee is heavily negotiated and that disclosure would cause material harm to [the party's] negotiating position in the marketplace and because the fee is of the kind of information that courts should protect[.]"); *Cutsforth, Inc.*, 2020 WL 772442, at *1. (finding that "specific data related to product pricing (such as price differentials, average selling price and discounts), profit margins, costs of manufacturing, number of units sold and customer lists" is the type of information courts are permitted to protect).

**Findings concerning the effects of disclosure/good cause.** All-Clad has represented that the pricing information at issue is not shared with the public, and would harm it if competitors were to obtain it.  ECF 117, p 2 ("This information and analysis is proprietary to All-Clad and disclosure could potentially injure the company should its competitors discover it, while providing little value to the public."). The Court finds that this is a credible representation, and that the effects of disclosure here would be harmful to All-Clad's competitive market position, and thus good cause exists to overcome the presumption of access. *Brand Design Company, Inc., d/b/a House Industries, v. Rite Aid Corporation, Sway Creative Labs, LLC, GA Communications, Inc., d/b/a PureRED Creative, LLC, and Burns Group, NYC, LLC*, No. 22-1174, 2024 WL 1164428, at *12 (E.D. Pa. Mar. 18, 2024) (holding that public disclosure of pricing information would create a competitive disadvantage because it would undermine the party's negotiating position in the future); *CDL Nuclear Techs., Inc.*, 2021 WL 322294, at *5 (holding that disclosing billable minimums would give a party's competitors a competitive advantage because they could "obtain economic value from its disclosure or use.").

**Third party's interests.** The Court has carefully considered the position of the one objector, Mr. Andren, in this case.  The Court finds that Mr. Andren's opposition on this issue does not alter the analysis.

To begin with, as All-Clad points out, the information being provided is ancillary to what has been requested here, and the Court sees no strong reason why it must be broadly disseminated. ECF 117, p. 2 ("this information is being offered without Court order, and without any request from Mr. Andren"); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").

Further, considering the interests of the class as a whole, the cost information at issue isn't the kind of information that courts usually view as being particularly important in the class-action context. This is illustrated by the cases Mr. Andren cites. *In re Cendant Corp* concerned the sealing of bids for appointment of lead counsel, which the Third Circuit considered to be critical, given the principal-agent concerns associated with class actions. 260 F.3d at 193.[1] *Shane Group* concerned the somewhat bizarre sealing of whole swaths of the critical pleadings in the case, including the motion for class certification itself, which left the class members in the dark as to the material terms of the settlement. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016).

---

[1] *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001) ("Indeed, the information sealed in this case and kept secret from most of the parties was of the utmost importance in the administration of the case; it was directly relevant to the selection of lead counsel. This point is crucial. In class actions, the lead attorneys have an unusual amount of control over information concerning the litigation. By contrast, class members often have little input into the conduct of the class action and accompanying settlement negotiations, because of the large scale of litigation and the disconnect between defendants' possibly enormous liability and the relatively small recovery available to the individual plaintiffs. The only stage at which class members can exercise effective control is in the selection of class counsel. Throwing a veil of secrecy over the selection process deprives class members of that opportunity.").

By contrast, here, the Court has already approved the settlement agreement; the settlement process appears to be substantially complete; and the only pending issue is whether the Court ought to reconsider its prior rulings as to the release of only a portion of class counsel's fees.  In light of the issue before the Court and the nature of the information at issue, the Court doesn't view the public, class, or third-party interests here as particularly strong, when weighed as part of the balance.[2]

For these reasons, All-Clad has met its burden to rebut the presumptive right of access under both the common law and the First Amendment, and it may redact the information from any public filings and submit an unredacted version to the Court under seal.

**AND NOW**, this 21st day of March, 2024:

**IT IS HEREBY ORDERED** that Plaintiffs and Defendants All-Clad Metalcrafters, LLC and Groupe SEB USA, Inc.'s Joint Motion to Seal (ECF 113) is **GRANTED**.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[2] It is unclear to the Court whether All-Clad intends to provide Mr. Andren's counsel with the unredacted information.  ECF 117, p. 1 ("Rather, All-Clad seeks to redact from public filings, and provide under seal to the Court ***and Mr. Andren***, All-Clad's confidential information related to the company's internal pricing and costs[.]") (emphasis added).  If the information is provided to Mr. Andren's counsel under a confidentiality agreement of some kind, that would further assuage any concerns about restricting access of this information to interested third parties.