IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ALL-CLAD METALCRAFTERS, LLC, COOKWARE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates to All Actions | )<br>)<br>)  MDL NO. 2988<br>)  Master Case No. 21-mc-491-NR<br>)<br>)<br>) |

### ORDER

Before the Court is Objector John Andren's motion for reconsideration of the Court's order that authorized the payment of the "holdback" amount of class counsel's fees (ECF 108).

On February 17, 2023, the Court issued its order of final approval of the class settlement in this case. ECF 103; ECF 104. Before the final fairness hearing, Mr. Andren had objected to some aspects of the settlement agreement, including the idea that the Court should authorize payment of class counsel's fees at that juncture. Instead, Mr. Andren argued that the Court should wait until the claims process was complete before awarding any fees. ECF 86.

The Court agreed that Mr. Andren's objection had merit, and so, in response, did three things as part of the final order approving the classwide settlement. First, the Court ensured that the data, to date, suggested a strong claims rate, and found that it did. ECF 103, pp. 18-19. Second, the Court calculated class counsel fees based on a lodestar, as opposed to a percentage of recovery. That meant that the actual claims rate was irrelevant as it pertained to calculation of fees. *Id.* Third, the Court added a 1.3 multiplier, which came out to about $500,000, but held it back until the claims process was complete. *Id.* at pp. 23-25. The reason for the holdback was to incentivize class counsel to ensure active engagement in the claims process in case there were disputes. *Id.* at 25.

On February 26, 2024, the parties represented to the Court that the claims process was substantially complete (ECF 106), and the Court therefore ordered the payment of the holdback amount to class counsel. ECF 107. Mr. Andren immediately moved for reconsideration of that order, so the Court held the order in abeyance, and received briefing on that issue. ECF 108; ECF 110; ECF 121; ECF 123.

In Mr. Andren's motion, he takes aim at the initial calculation of fees in this case, and mostly re-states his prior position before the final fairness hearing that the Court should have waited until all the claims data was in before awarding fees. ECF 109. But that ship has sailed. The final settlement was approved, and no one moved to reconsider that decision or appealed it.

The only issues before the Court now are whether the claims process has concluded, and whether class counsel was engaged in that process as the Court envisioned. From the records submitted (*see* ECF 122-1 (declarations and other documents related to the claims process)), both of these issues are now resolved to the Court's satisfaction. Indeed, class counsel's participation was of the kind that the Court initially envisioned. *See, e.g.*, ECF 122-1, Declaration of Settlement Class Counsel in Response to Objector John Michael Andren's Motion for Reconsideration, ¶¶ 11-14, 21-28 (detailing class counsel's participation in the claims process, including communicating with class members, meeting with Angeion, working to remedy misinformation on social media by providing additional reminder notices, and assisting class members in submitting their claims). So, the Court will not reconsider its prior order, will re-instate it, and will order the payment of the holdback amount in fees.[1]

---

[1] Mr. Andren makes pretty serious accusations about the parties' counsel in this case, specifically, arguing that counsel misled the Court at the fairness hearing as to the claims rates, and then waited until expiration of the 1-year limitations period under Rule 60 before asking for the release of the remaining fees—to essentially avoid further judicial scrutiny. ECF 108-1, pp. 3-4; ECF 123 pp. 3-4. The Court finds that

- 3 -

For these reasons, this 10th day of June, 2024, the motion for reconsideration filed by Mr. Andren is hereby **DENIED**.

                BY THE COURT:

                /s/ J. Nicholas Ranjan
                United States District Judge

---

these issues are distinct from the present "holdback issue." Nothing in this order precludes Mr. Andren or anyone else from moving the Court to separately address these issues.